UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLENN P. FISCHEL, d/b/a OLYMPIC CHIROPRACTIC, <br><br> Plaintiff, <br><br> v. <br><br> FOX CHIROPRACTIC, P.S., and DARCY K. FOX, <br><br> Defendants. | Case No. C18-255RSM <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL |

This matter comes before the Court on Plaintiff Glenn P. Fischel, d/b/a Olympic Chiropractic ("Dr. Fischel")'s Motion for Voluntary Dismissal. Dkt. #12. The parties agree that the relief requested in this Motion, voluntary dismissal, should be granted. However, Defendants argue that dismissal should be with prejudice, and that it should be conditioned on an award of attorney's fees. *See* Dkt. #15.

Dr. Fischel registered a logo of a "human spine, morphing into a person celebrating" with the U.S. Patent and Trademark Office on December 25, 2012, after having used it for many years in connection with his chiropractic clinic. Dkt. #13 ("Fischel Decl.") at ¶ 2–3 and Ex. A. In January 2018, Dr. Fischel learned that Defendants were using a strikingly similar

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 1

logo in connection with the chiropractic clinic Fox Chiropractic. In January and February 2018, Dr. Fischel asserts that he repeatedly contacted Dr. Fox in an effort to avoid the instant lawsuit, but Dr. Fox did not respond to any of these repeated overtures. *See id.* at ¶¶ 5–8; Exs. B and C.

Defendants claim Dr. Fox did not receive the above communications. Dkt. #16 ("Fox Decl.") at ¶ 6. However, Defendants admit they received what they characterize as threatening emails and harassing phone calls from Dr. Fischel about this trademark claim. *Id.* at ¶ 7. The parties communicated at least once prior to this suit. On February 5, 2018, Dr. Fox told Dr. Fischel in a phone call that she had been using the trademark since 1989. *Id.*

On February 19, 2018, this suit was filed. Dkt. #1. On March 6, 2018, Defendants filed an answer asserting counterclaims and alleging prior use of the logo. Dkt. #7. This answer characterizes Dr. Fischel's prior attempts at communication with Defendants as "harassment." *Id.* at 3.

On or about March 12, 2018, Dr. Fischel's attorney called Dr. Fox's attorney. Among other things, he asked for evidence to support Dr. Fox's claim of prior use of her logo. Counsel stated that Dr. Fischel would likely not want to pursue his claims if Dr. Fox had support for her alleged prior use. Dkt. #14 ("Atkins Decl.") at ¶ 3. On March 21, 2018, Dr. Fox provided the requested evidence. *Id.* at ¶ 4. On March 22, Dr. Fischel responded by offering to voluntarily dismiss his claims. *Id.* at ¶ 5.

An action may be dismissed at the plaintiff's request by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent

adjudication." *Id*. Unless the order states otherwise, a dismissal under the above rule is without prejudice. *Id*. "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Costs are often awarded as a condition of dismissal without prejudice. "In determining whether to award costs ... to [a] defendant [ ] after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expenses incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. April 28, 2005) (quoting 8 James Wm. Moore et al., Moore's Federal Practice § 41.40[10][d][i] (3d ed. 1999)). "Courts have also considered whether attorneys' fees and costs would be available to the defendants had they prevailed at trial and the effect that awards of fees and costs would have in discouraging good faith voluntary dismissals." *Atigeo LLC v. Offshore Ltd. D*, 2014 WL 3846087, at *4 (W.D. Wash. Aug. 5, 2014).

Defendants argue that they will suffer prejudice if this case is not dismissed with prejudice because Defendants will continue to face the threat of further prosecution. Dkt. #15 at 5–6. Both parties go through the above factors, spending significant time on the question of whether attorney fees would have been obtainable had this action progressed to resolution. Plaintiff argues that Defendants "do not cite a single case… justify[ing] conditioning the voluntary dismissal of a newly-filed case on the award of the defendant's attorney's fees," and that Defendants "wishful thinking notwithstanding," none of their arguments makes this case "exceptional" under 15 U.S.C. § 1117(a). Dkt. #19 at 6.

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 3

Defendants' only cited basis for eventually obtaining attorney fees in this case is 15 U.S.C. § 1117(a). This case does not appear to the Court to qualify as "exceptional" under that statute, even if Defendants arguments demonstrate a likelihood that Plaintiff would not succeed on the merits. More importantly, the Court finds that Defendants have failed to convince the Court that fees are justified in this case under the above *Williams* factors. Dr. Fischel communicated with Defendants prior to filing suit in an attempt to avoid litigation, Defendants claim they did not receive those communications or that they were harassing. The Court concludes that such communications demonstrate reasonable diligence. Dr. Fischel was mistaken in the validity of his copyright claims, and when he became aware of that fact, he filed this Motion immediately. This again demonstrates reasonable diligence. This case has not proceeded far. Defendants were not overly prejudiced by any of this, and are free to pursue their counterclaims or use the legal work done so far in future litigation between these parties. Given all of the above, fees are not warranted.

Dr. Fischel does not directly address Defendants' request for dismissal with prejudice. While it would appear that the parties agree Dr. Fischel cannot succeed on these claims, the Court declines to dismiss Plaintiff's claims with prejudice because no party has actually moved for that relief, because voluntary dismissal is by default granted without prejudice, because Defendants may still pursue their counterclaims, and because the Court is not convinced that such dismissal is "proper" under Rule 41(a)(2) given the particular facts of this case. The mere risk of a second litigation is present in every case that is voluntarily dismissed without prejudice.

Given all of the above, and having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS

ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL - 4

that Plaintiff Fischel's Motion for Voluntary Dismissal, Dkt. #12, is GRANTED.   Plaintiff's

claims are dismissed without prejudice.   Defendants' counterclaims remain pending.


        DATED this 8 day of May, 2018.


                                        RICARDO S. MARTINEZ
                                        CHIEF UNITED STATES DISTRICT JUDGE